UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| In re Michelle A. Peterson, Debtor. | Bankruptcy No. 09-B-70499<br>Chapter 7<br>Judge Manuel Barbosa |
|---|---|

## MEMORANDUM OPINION

The Court entered an order and opinion on November 28, 2011 (the "November Opinion"), denying Dr. Sandra C. Leister's Motion to Dismiss Michelle Peterson's bankruptcy case. Most of the relevant facts and procedural history are set forth in that opinion, and will not be repeated here.

Dr. Leister filed a motion for new trial and to alter or amend judgment under Fed. R. Bankr. P. 9023, arguing first, that she had not had the opportunity to present evidence or testimony to demonstrate that dismissal was warranted, and second, that the Court had applied the wrong standard.[1] The parties were permitted to present evidence at an evidentiary hearing held on March

---

[1] I disagree with Dr. Leister's arguments as to the legal standard set forth in the November Opinion, and have applied the same standard here. To address the primary argument, contrary to Dr. Leister's assertions, I did not whole-heartedly adopt the proposition set forth in In re Adolph, 441 B.R. 909 (Bankr. N.D. Ill. 2011) that "section 707(a) does not permit a case to be dismissed because the debtor filed the case in 'bad faith.'" To the contrary, I quite clearly held in the November Opinion that after reviewing the totality of circumstances based on the evidence presented at the time, Dr. Leister had not demonstrated that the petition was filed in bad faith or that it was "only as a delay tactic." I cited Adolph primarily in noting that the case law was not yet settled on the precise standard to apply for a Section 707(a) motion. I have doubts that the bad faith or abuse standard under Section 707(a) is identical to or as broad as the similar standard under Section 707(b), but a bankruptcy petition filed for the sole purpose of causing unnecessary delay or needless increase in the cost of litigation must certainly constitute "cause" to dismiss a case under Section 707(a), whatever standard is used. In any event, it is largely a moot point, since with the additional evidence presented I find both that the petition was filed in bad faith *and* that Ms. Peterson caused "unreasonable delay by the debtor that is prejudicial to creditors." These are independent reasons for dismissal.

5, 2012. With the additional evidence presented at trial, Dr. Leister has demonstrated that dismissal is warranted under the circumstances.

Perhaps the strongest evidence presented at trial was testimony by Dr. Leister that in response to her pre-petition offer to settle the ERISA claim against Ms. Peterson, Ms. Peterson had responded that she "would rather declare bankruptcy than give [Dr. Leister] a cent." (Tr. 20:6-9).[2] This was evidence (1) that during the protracted pre-petition ERISA litigation, Ms. Peterson intended to ultimately use bankruptcy as a further delay tactic and to increase Dr. Leister's legal costs, (2) that such intent was her primary motivation when she actually filed the Chapter 11 petition for her company, Dovetail, Inc., filed her own Chapter 13 petition, filed her subsequent Chapter 11 petition, and when she converted her Chapter 11 petition to Chapter 7, and (3) that her continued delays in proposing a plan in the Dovetail case or in her own Chapter 11 case were intentional and unjustified. Dr. Leister also provided evidence that the delays in the ERISA litigation during the pendency of the two Chapter 11 cases were caused primarily by Ms. Peterson and not simply by the nature of the litigation or by Dr. Leister. At various status hearings on the Chapter 11, Ms. Peterson had told this Court that delays in the ERISA litigation were the reason she should have more time to formulate a plan, and that was one of the primary reasons I had found that her delays in the Chapter 11 case were not "unreasonable." Dr. Leister also provided additional testimony on the prejudice she

---

[2] Although Ms. Peterson objected that the evidence was hearsay because Dr. Leister was testifying about a statement made by Ms. Peterson's attorney relating a statement made by Ms. Peterson, Ms. Peterson's statement was an admission by a party-opponent and the attorney's statement was a statement by Ms. Peterson's agent concerning a matter within the scope of the agency made during the existence of the relationship, and therefore not hearsay under Fed. R. Evid. 801(d)(2). Nor is the statement excluded by Fed. R. Evid. 408, which covers offers or acceptances of compromises, not rejections, and which "does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations" or "when the evidence is offered for another purpose" than "to prove liability for or invalidity of the claim or its amount." Fed. R. Evid. 408.

suffered because of those delays, which in Ms. Peterson's individual Chapter 11 case extended for over two years. This prejudice included mounting legal costs for Dr. Leister and the depletion of available assets from Dovetail, Inc. and from Ms. Peterson's estate.

Therefore, I find that Dr. Leister has presented sufficient evidence to demonstrate that her bankruptcy case was filed in bad faith and that she caused unreasonable delay that was prejudicial to Dr. Leister, and that under the circumstances, her bankruptcy case should be dismissed. The order entered November 28, 2011, will therefore be amended and the bankruptcy case will be dismissed.

The foregoing constitutes findings of fact and conclusions of law as required by Fed. R. Civ. P. 52(a) and Fed. R. Bankr. P. 7052. A separate order shall be entered giving effect to the determinations reached herein.

DATE: April 30, 2012

The Honorable Manuel Barbosa
United States Bankruptcy Judge